UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE CUMMINGS,

    Plaintiff,

CASE NO.: 6:19-cv-2010

vs.

MNR RAMY, INC., MNR CONVENIENCE, INC.,
and MOUNA RAMY, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CHRISTINE CUMMINGS ("Ms. Cummings" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through undersigned counsel, on behalf of herself and all similarly situated employees hereby sues Defendants, MNR RAMY, INC. (Defendant "RAMY"), MNR CONVENIENCE, INC. (Defendant "CONVENIENCE"), and MOUNA RAMY (Ms. Ramy) (RAMY, CONVENIENCE and Ms. Ramy shall collectively be referred to as "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2. At all times material hereto, Plaintiff performed non-exempt duties as a convenience store clerk on behalf of the Defendants in Orange County, Florida, within the jurisdiction and venue of this Court.

## FLSA COVERAGE

3. Plaintiff was employed by the Defendants from approximately 2016 through September 30, 2019.

4. Plaintiff worked for the Defendants in a non-exempt capacity as a convenience store clerk until her separation on or about September 30, 2019.

5. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff for all overtime hours worked in a work week.

6. Upon information and belief, the annual gross revenue of Defendant RAMY was at all times material hereto in excess of $500,000.00 per annum.

7. Upon information and belief, the annual gross revenue of Defendant CONVENIENCE was at all times material hereto in excess of $500,000.00 per annum.

8. Upon information and belief, the annual gross revenue of Defendants RAMY together with Defendant CONVENIENCE was at all times material hereto in excess of $500,000.00 per annum.

9. By reason of the foregoing, Defendant RAMY is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

10. By reason of the foregoing, Defendant CONVENIENCE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

11. Defendant Ms. Ramy owns and operates companies for profit in Orange County, Florida, and employ persons such as Plaintiff to work on her behalf in providing labor for her business.

12. Defendant Ms. Ramy is within the personal jurisdiction and venue of this Court.

13. At all times material hereto, Defendant Ms. Ramy managed, owned and operated companies for profit in Orange County, Florida, Defendant RAMY and Defendant CONVENIENCE, and regularly exercised the authority to control the terms and conditions of Plaintiff's employment. For example, Defendant Ms. Ramy had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of her business. By virtue of such control and authority, Defendant Ms. Ramy was an employer of the Plaintiff, and all other similarly situated employees as such term is defined by 29 U.S.C. § 203(d).

14. Defendant Ms. Ramy was a joint employer of both RAMY and CONVENIENCE.

15. All conditions precedent, if any, have been completed prior to the filing of this suit.

16. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent her and have incurred attorneys' fees and costs in bringing this action.

17. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

18. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 16 above.

19. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

20. Subject to discovery in this matter, while employed by the Defendants, Plaintiff worked an average of six (6) to seven (7) days per week, and worked approximately sixty (60) hours each week.

21. Specifically, Defendants required Plaintiff to work at both RAMY and CONVENIENCE during the same week.  Although Plaintiff worked in excess of forty hours per week while working at RAMY and CONVENIENCE, Defendants did not pay Plaintiff at an overtime rate.

22. Defendants required the Plaintiff to travel to multiple job locations throughout her workday, however, Defendants did not compensate Plaintiff for her travel time between jobsites during the workday.

23. Despite its knowledge that Plaintiff worked at multiple job locations, Defendants failed to pay Plaintiff at an overtime rate or for travel between the two locations.

24. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

25. The failure of Defendants to compensate Plaintiff at her given rate of pay for all hours worked is in violation of the FLSA.

26. Defendants, therefore, are liable to Plaintiff in the amount of her unpaid hours and overtime compensation.

27. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for the payment of compensation for all overtime hours at one and one-half her regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff demands trial by jury as to all issues so triable.

Dated: October 21, 2019                               Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff