# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE CUMMINGS,**

     **Plaintiff,**

v.                                                   **Case No: 6:19-cv-2010-Orl-37GJK**

**MNR RAMY, INC., MNR CONVENIENCE, INC., and MOUNA RAMY,**

     **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 27)** |
| **FILED:** | **June 6, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 28)** |
| **FILED:** | **July 7, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On March 16, 2020, Plaintiff served Interrogatories and Requests for Production of Documents on Defendants. Doc. No. 25 at ¶ 4. Although Plaintiff's counsel emailed Defendants' counsel four times throughout April and May regarding the status of the discovery responses, Defendants failed to produce any responses to the discovery requests. *Id.* at ¶¶ 5-9. On May 9, 2020, Plaintiff filed a Motion to Compel Discovery Responses and Incorporated Memorandum of Law (the "Motion to Compel"). Doc. No. 25. Defendants failed to file a response to the Motion to Compel. On May 27, 2020, the Court granted the Motion to Compel and entered an order directing Defendants to serve sworn answers to Plaintiff's interrogatories and produce all documents responsive to the Requests for Production of Documents on or before June 1, 2020, along with an award of attorney's fees and costs to Plaintiff (the "Order"). Doc. No. 26 at 3. Defendants were cautioned that "[f]ailure to comply with this Order may result in sanctions." *Id.* at 4.

On June 6, 2020, Plaintiff filed a motion for sanctions (the "First Motion for Sanctions"). Doc. No. 27. Despite being ordered to do so by the Court, Defendants did not serve any responses to Plaintiff's discovery requests. *Id.* at 5. Plaintiff requests that the Court enter a default judgment against Defendants and award her attorney's fees and costs incurred in bringing the First Motion for Sanctions. *Id.* at 2. Defendants did not file a response to the First Motion for Sanctions.

On July 7, 2020, Plaintiff filed a second motion for sanctions (the "Second Motion for Sanctions"). Doc. No. 28. In the Second Motion for Sanctions, Plaintiff states that Defendants provided some responses to her discovery requests on June 9, 2020, after Plaintiff was forced to file the First Motion for Sanctions, but the responses are incomplete and knowingly false.[1] *Id.* at 1-3. Plaintiff requests an order sanctioning Defendants and awarding her attorney's fees and costs

---

[1] Plaintiff's allegation in the Second Motion for Sanctions that Defendants provided knowingly false answers to interrogatories is not addressed because Plaintiff did not provide complete quotations of the relevant interrogatories and responses thereto. Doc. No. 28.

incurred in bringing the Second Motion for Sanctions. *Id.* at 1, 3. True to form, Defendants did not file a response to the Second Motion for Sanctions.

Pursuant to Federal Rule of Civil Procedure 37(b), Plaintiff requests sanctions against Defendants for their failure to comply with the Order by entering a default judgment against them. Doc. No. 27 at 4-6. If a party fails to comply with a discovery order, the following sanctions are available:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999). A default judgment or dismissal is the harshest sanction and should only be used as a last resort where other lesser sanctions are inadequate. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

In this case, Defendants demonstrated a clear record of delay by continuously failing to respond to written discovery and motions, and failing to comply with an order of this Court. Likewise, by not filing responses to the Motion to Compel, the First Motion for Sanctions, or the Second Motion for Sanctions, Defendants essentially conceded that they failed to completely respond to Plaintiffs' discovery requests, as required by the Order. *See* Fed. R. Civ. P. 37(b)(2)(A)(i). Plaintiff has yet to receive complete responses to discovery requests served in March, Doc. No. 25 at ¶ 4, Doc. No. 28 at 1-3, which demonstrates Defendants' delaying this case's progression. In the First Motion for Sanctions, Defendants were put on notice that Plaintiff seeks a default judgment against them. Doc. No. 27 at 1. Despite this warning, Defendants failed to respond to either motion for sanctions. Accordingly, there is no dispute that the First Motion for Sanctions should be granted. In the Second Motion for Sanctions, Plaintiff claims that Defendants failed to produce documents responsive to her requests to produce. Doc. No. 28 at 2-3. To date, Defendants have failed to comply with the Order and have not produced documents responsive to Plaintiff's requests. *Id.* It is therefore recommended that the Court find Defendants demonstrated a clear record of delay and they willfully ignored the Order.

No lesser sanctions are appropriate in this case. Defendants' actions demonstrate a willful disregard for their discovery obligations and this Court's Order. Nothing in the record suggests that lesser sanctions, such as imposing monetary sanctions, would compel Defendants to comply with the Order, as the Order imposed attorney's fees and costs on Defendants in the first instance, and they still failed to comply. Doc. No. 26 at 3; Doc. No. 28 at 1-3. Additionally, Defendants did not respond to three motions, despite the warning that Plaintiff is seeking a default judgment, which demonstrates that Defendants have no interest in communicating their positions to the Court. Doc. Nos. 25, 27, 28. Thus, the only appropriate action is to enter a default judgment.

- 5 -

Moreover, by failing to timely respond to the First Motion for Sanctions, Defendants are not opposed to Plaintiff's request for a default judgment. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response . . . ."); Doc. No. 20 at 10 ("[T]he Court routinely grants motions as unopposed when no Response is filed."). Accordingly, it is recommended that the Court award Plaintiff her reasonable expenses incurred in bringing the First Motion for Sanctions and the Second Motion for Sanctions, and enter a default judgment against Defendants.

Based on the foregoing, it is hereby **RECOMMENDED** that the First Motion for Sanctions (Doc. No. 27) and the Second Motion for Sanctions (Doc. No. 28) be **GRANTED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 6, 2020.

*[Signature: Greg Kelly]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties