# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE CUMMINGS,**

      **Plaintiff,**

v.    Case No:   6:19-cv-2010-Orl-37GJK

**MNR RAMY, INC., MNR CONVENIENCE, INC.,**
**and MOUNA RAMY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 27)** |
| **FILED:** | **June 6, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 28)** |
| **FILED:** | **July 7, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** PLAINTIFF'S MOTION TO QUANTIFY DAMAGES AND EXPENSES, INCLUDING ATTORNEY'S FEES (Doc. No. 34)
>
> **FILED:** September 21, 2020
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On June 6, 2020, and July 7, 2020, Plaintiff moved for sanctions against Defendants (the "Motions for Sanctions"). Doc. Nos. 27, 28. Plaintiff asked that the Court enter a default judgment against Defendants and for her attorney's fees and costs incurred in bringing the Motions for Sanctions and for Defendants' failure to comply with the Court's earlier order compelling Defendants to produce discovery. Doc. No. 27 at 6-7; Doc. No. 28 at 5. On August 6, 2020, the undersigned recommended that the Motions for Sanctions be granted. Doc. No. 29 at 5. On August 24, 2020, noting that no objections were filed to the Report and Recommendation, United States District Judge Roy B. Dalton Jr. adopted, confirmed, and made a part of his Order the Report and Recommendation. Doc. No. 30 at 2. Because no findings were made as to damages, Judge Dalton referred the matter back to the undersigned "for a determination of the amount of Plaintiff's damages and reasonable expenses, including attorney's fees." *Id.*

On August 24, 2020, the undersigned ordered the parties to confer in a good faith effort to agree on the amount of damages and reasonable expenses, including attorney's fees, to be awarded. Doc. No. 31 at 2. If the parties could not agree, then Plaintiff was directed to file a motion to quantify the damages and reasonable expenses on or before September 11, 2020. *Id.* On September 11, 2020, the parties filed a joint motion to extend the deadline, stating that they were diligently attempting to confer and agree, but Defendant Mouna Ramy became ill, thus preventing the parties from continuing to resolve the issues. Doc. No. 32. Also on September 11, 2020, the undersigned

granted the motion for an extension of time. Doc. No. 33. On September 21, 2020, Plaintiff filed her "Motion to Quantify Damages and Expenses, Including Attorney's Fees" (the "Motion to Quantify"). Doc. No. 34. Defendants did not file a response to the Motion to Quantify.

In the Motion to Quantify, Plaintiff asserts damages of $20,250.00 in unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"). *Id.* at ¶ 4. Plaintiff points to her sworn answers to court interrogatories stating that she is owed this amount. *Id.* at ¶ 2; Doc. No. 15-1 at 2. Plaintiff also claims $21,103.38 in attorney's fees and costs. Doc. No. 34 at ¶ 4. The request for attorney's fees and costs is supported by Plaintiff's counsel's affidavit and his time records. *Id.* at 12-18. Defendants did not file a response to the Motion to Quantify; therefore, it is considered unopposed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . .").

The FLSA provides for an award of reasonable attorney's fees to plaintiffs that obtain judgments against defendants. 29 U.S.C. § 216(b). The reasonableness of the attorney's fees requested is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Id*.

Plaintiff claims an hourly rate of $375.00. Doc. No. 34 at 12. Noting that no response was filed to the Motion to Quantify, the undersigned finds that the requested hourly rate is reasonable. Plaintiff states that her counsel expended 53.38 hours on this matter. *Id.* at 15-18. The detailed time sheets demonstrate that the hours expended are reasonable. Accordingly, it is recommended that the Court find that the total amount of reasonable attorney's fees in this case is $20,017.50.

Plaintiff requests costs of $1,070.00, representing the filing fee ($400.00), the service of process fee ($240.00), and the court reporter's fee for depositions ($430.00). *Id.* at 13, 15, 18. The filing fee and service of process fee are authorized under 28 U.S.C. § 1920(1). Plaintiff provides no authority for an award of the court reporter's fee, however. Plaintiff was awarded her reasonable expenses incurred in bringing the first motion for sanctions, Doc. No. 29 at 5, Doc. No. 30 at 2, but there is no indication that the court reporter's fee was incurred in bringing that motion. It is therefore recommended that Plaintiff be awarded the costs of the filing fee and service of process, which totals $640.00.

Based on the foregoing, it is hereby **RECOMMENDED** as follows:

1. That the Motions for Sanctions (Doc. Nos. 27, 28) be **GRANTED**;
2. That the Motion to Quantify (Doc. No. 34) be **GRANTED IN PART AND DENIED IN PART** as follows:
   A. That Plaintiff be awarded $20,250.00 in unpaid overtime wages and liquidated damages under the FLSA;
   B. That Plaintiff be awarded $20,017.50 in attorney's fees under the FLSA;
   C. That Plaintiff be awarded $640.00 in costs; and
   D. In all other respects, that the Motion to Quantify be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on October 16, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties